WRIGHT BRADY, adm'r, etc., plaintiff in error, *vs.* FURLOW, PRICE & FURLOW, defendants in error.

McCoy, J., having been of Counsel, did not preside in this case. It stood over from June Term, 1868, by reason of the military order.

When an order was made in an equity cause, setting the same down for trial, to ascertain whether the complainant's claim had been finally adjudicated by a former decree of the Court:

*Held*, that the granting such order, was not such a final disposition of the cause as will entitle the party complaining, to bring up that decision to this Court, upon a bill of exceptions thereto, under the 4191st section of the Code.

Equity. Motion to dismiss Writ of Error. JUDGE VASON. Sumter Superior Court. October Term, 1867.

William Dennard died in 1850 or 1851, testate, leaving his property mainly to his son, Burton T. Dennard, to the exclusion of Julia, daughter of testator and wife of Wm. M. Brady. A *caveat* was filed against said will. That litigation was compromised by Burton T. agreeing to divide the

property with his sister Julia, upon certain terms. In carrying out this agreement, Burton T. Dennard and Wm. M. Brady farmed together for the year 1853, and thereby produced a confusion of the goods, etc., of said Burton T., and Wm. M., as trustee for his wife.

In December, 1853, Burton T. died intestate. Said Wm. M. became his administrator, giving Wright Brady, as one of the securities on his bond. Burton T., having been largely in debt, many judgments were obtained against said Wm. M., as his administrator, and many debts against him were yet open. Said Wm. M. also owed private debts, and some of them were in judgment. Among these debts not in judgment, was one arising in this way : Said Wm. M. had procured Furlow, Price & Furlow, of Americus, Georgia, commission merchants, to make to him certain advances of cash, upon drafts drawn against said Wm. M.'s cotton-crop. In endeavoring to pay back these advances, Wm. M. had notified Furlow, Price & Furlow that he had forty-one bales of cotton, at a certain place, and directed them to send for it, and sell the same, and with the proceeds discharge said drafts. Accordingly, they sent three wagons, which took twenty-five bales of the same (all they could carry,) to Americus. Meanwhile, and before said twenty-five bales had reached the actual custody of Furlow, Price & Furlow, and before the sixteen bales had been moved from said place, Wm. T. Brady died, and Wright Brady became his temporary administrator. He stopped the delivery of said cotton. Furlow, Price & Furlow claimed that it had been all constructively delivered to them. Wright Brady said no, and the sheriff, in behalf of plaintiffs, in *fi. fas.* against said Wm. M., was about to sell the same. Possessory warrants and a bill of injunction, by Wright Brady, as such administrator, kept the matter hung up till 1st January, 1859, when Furlow, Price & Furlow filed a bill against Wright Brady, as administrator of said Wm. M. *et al.*, by which all the defendants were enjoined from interfering till their rights, in the matter of said cotton, were adjudicated. Wright Brady, besides being the administrator of said Wm. M., was the adminis-

trator *de bonus non* of said Burton T. Dennard. Furlow, Price & Furlow had gotten said twenty-five bales, and sold them. Besides this litigation, Irena, wife of said William Dennard, had filed a bill, seeking to make one Foy, who had a claim against said William, go upon the estate of said Burton T., therefor, etc. Julia Brady, widow, had married Jourdan Wilcher, and they filed a bill, to ascertain and secure the rights of said Julia, in the matter of her trust estate ; and other creditors of Wm. M. and of Burton T. were proceeding, as best they could, to get their respective rights.

Under these circumstances, on the 12th of August, 1859, Wright F. Brady, as administrator of said Wm. M., and as administrator *de bonis non* of said Burton T., filed a bill in Equity against all of said claimants, setting up the doubtful condition of said estates, his danger as said security, and from the probability of mistaking his duty, etc., etc., and prayed that said claimants should be enjoined, except so far as it was necessary for them to fix or ascertain their rights, and that all these matters should be disposed of by one decree under this last bill.

At April Term, 1864, the following order was taken :

" WRIGHT BRADY, adm'r,
    *vs.*              } *In Equity.*
FURLOW, PRICE & FURLOW.

It is hereby consented and agreed that all the cases in which Wright Brady, as administrator of Wm. M. Brady, Furlow, Price & Furlow, Mrs. Wilcher, formerly widow of Wm. M. Brady, Shadwick T. Crawford, and other creditors of Wm. M. Brady, be tried together. It is ordered that said cases be so tried."

They were so tried. The decree, after providing for the other claims, was as follows: " 6th. That Furlow, Price & Furlow have a judgment, of this date, against Wright Brady, for the amount of their claim, the same to be a lien on the cotton from the 1st of December, 1856, though only to be a judgment *quando acciderint,* for any amount it shall

not receive out of said funds of Wm. M. Brady, and that the creditors of said William M. be paid, according to their priority and dignity, out of any of said fund arising from the undisputed property of said William. M., after paying the proper expenses of administration of said estate.  7th. That the Court make such order as may be necessary to execute this decree."

The Court appointed an auditor to adjust the said claims, etc.  He reported, as part of the assets of said Brady's estate, $1,165 69, principal, and $794 00, as interest from the 1st of April, 1857, in the hands of Furlow, Price & Furlow, as proceeds of said twenty-five bales of cotton. He did not say what should become of said proceeds, but did find that Furlow, Price & Furlow pay the costs of their bill. This report being filed, the Court, by order, allowed forty days after the adjournment of the Court for filing exceptions thereto.  No exceptions having been filed, at April Term, 1867, the jury found that said report should be confirmed and spread upon the minutes as their verdict.  Thereupon a decree was made, in which it was adjudged that Furlow, Price & Furlow bring into Court, within sixty days from its adjournment, said specified proceeds of said twenty-five bales of cotton, principal and interest, to be distributed by the Court, according to said report, and that upon their failure so to do, execution issue against them for the same.

They did not pay.  *Fi. fa.* was issued, but by stay-laws, etc., they had kept from paying said money until October adjourned term, 1867.  At that term a motion was made to amend the decree in the case of Furlow, Price & Furlow, so as to make it conform to said verdict of the jury.  Wright Brady, administrator, etc., was required to show cause why this should not be done.  He showed, for cause, all of said former proceedings, and contended that said case of Furlow, Price & Furlow had been finally tried and properly disposed of.  The Judge, " upon inspecting the record in the above case, and not being satisfied that the rights of Furlow, Price & Furlow, as set up in their bill, were settled and adjudicated by the decrees in said case," ordered their bill " set down for

trial at the next term, with the right of Brady, administrator, to show that said rights of said Furlow, Price & Furlow were settled and adjudicated by said decrees." He further ordered a stay of said proceedings till further order. To this order, setting down said case for trial, etc., said Wright Brady, administrator, etc., by his counsel, excepted, and now assigns the same as error.

When the case was called for trial here, a motion was made to dismiss the same, because said order was interlocutory, and, therefore, the cause was prematurely brought here.

B. HILL for plaintiff in error.

COBB & JACKSON, S. C. ELAM, for defendant in error.

WARNER, J.

The complainants in the Court below made a motion to have the cause set down for trial, which motion was resisted, on the ground that the claims of the complainants in that bill, had been adjudicated by a former decree of the Court, in a cause in which the complainants, with others, were parties. The Court, upon the inspection of the record, not being satisfied that the claim of the complainants had been finally adjudicated by that former decree, ordered the cause to be set down for a hearing, to *ascertain that fact*, which order of the Court was excepted to, and brought up to this Court for review.

A motion is now made to dismiss the writ of error, on the ground that the order of the Court below, which was excepted to, is not such a *final disposition* of the cause as will entitle him to bring up that decision to this Court, upon a bill of exceptions thereto, under the 4191st section of the Code. That section of the Code declares that no cause shall be carried to the Supreme Court, upon any bill of exceptions, so long as the same is *pending* in the Court below; unless the decision, or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a *final disposition of the cause;* but

either party may, at any stage of the cause, file his exceptions, have the same certified, and entered of record until the final termination thereof, in the manner as provided by that section. The cause is *still pending* in the Court below, according to the express order of the Court, to which, exception is taken. The order setting the cause down for trial, was not such a *final disposition* of it as is contemplated by the Code, and, in our judgment, was prematurely brought here.

Let the writ of error be dismissed.